UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE A. DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00932-JPH-MJD |
| | ) |
| FOSTER, | ) |
| BISHOP Property Officer, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Lance Douglas alleges violations of his civil rights while incarcerated at Pendleton Correctional Facility. Because Mr. Douglas is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Douglas asserts claims for damages against Lieutenant Foster and Property Officer Bishop based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In April 2024, Mr. Douglas was moved into a new cell without certain property, including soap, a toothbrush, and toothpaste. Dkt. 1. He went without these items for 20 days despite repeatedly requesting them, and became ill. *Id.* Property Officer Bishop and Lieutenant Foster were responsible for making sure Mr. Douglas received his property and had basic hygiene products. *Id.*

## III. Discussion of Claims

The action **will proceed** with Eighth Amendment claims against Lieutenant Foster and Property Officer Bishop pursuant to 42 U.S.C. § 1983.

## IV. Conclusion and Issuance of Process

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Douglas believes he asserted additional claims that the Court did not address, he must file a motion to reconsider the screening order **no later than November 15, 2024**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

**SO ORDERED.**

Date: 10/24/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LANCE A. DOUGLAS
202593
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to IDOC employees at Pendleton Correctional Facility:

Lieutenant Foster

Property Officer Bishop