UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE A. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER,<br>BISHOP Property Officer,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:24-cv-00932-JPH-MJD |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Lance Douglas alleged that Defendants Stephen Foster and Chance Bishop violated his Eighth Amendment rights by depriving him of adequate hygiene materials for 20 days after he was moved to segregation at Pendleton Correctional Facility. Defendants have moved for summary judgment. Dkt. [47]. Mr. Douglas has not overcome Defendants' claim of qualified immunity, so Defendants' motion is **GRANTED**.

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Plaintiff did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Douglas and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

At all relevant times, Defendant Bishop was the Property Officer for G Cellhouse ("GCH") at Pendleton. Dkt. 48-2 ¶ 4 (Bishop affidavit). Defendant Foster was a Correctional Lieutenant in GCH. Dkt. 48-1 at 29 (Douglas deposition).

On April 8, 2024, Mr. Douglas was transferred from an open dorm at Pendleton to GCH for disciplinary reasons. *Id.* at 16, 18, 21. Before moving to GCH, Mr. Douglas had among his personal possessions soap, deodorant, toothpaste, and a toothbrush. *Id.* at 23. GCH is a restrictive housing unit. Dkt. 48-2 ¶ 5. When an inmate is moved to a restrictive housing unit, staff in the housing unit from which the inmate is being moved are responsible for assembling a care package that includes "basic essentials" from the inmate's property. Dkt. 48-2 ¶¶ 6-7. After the package is sent to a restrictive unit such as GCH, the property officer for that unit must inventory the contents, for safety and security reasons, before it will be provided to the inmate. *Id.* ¶¶ 9-10.

Mr. Douglas didn't receive his care package, including his soap, deodorant, toothbrush, and toothpaste, until May 2, 2020. *Id.* ¶ 12 & p. 4. While in GCH and before receiving his care package, Mr. Douglas had the opportunity to

shower with access to all-in-one shower gel 3 days a week. *Id.* ¶ 3; dkt. 48-1 at 47; dkt. 48-2 ¶ 16. Mr. Douglas would not use the shower gel. Dkt. 48-1 at 50-51. Mr. Douglas's cell also had a sink with running water. Dkt. 48-1 at 83; dkt. 48-2 ¶ 14.[1]

Mr. Douglas alleges that Officer Bishop and Lt. Foster were responsible for Mr. Douglas not receiving personal hygiene items, including soap, a toothbrush, and toothpaste, for more than 20 days after his transfer to GCH. Dkt. 1 at 2. Mr. Douglas is proceeding with Eighth Amendment conditions of confinement claims against Officer Bishop and Lt. Foster. Dkt. 10. Defendants filed a motion for summary judgment motion, dkt. 47, and Mr. Douglas did not respond, *see* dkt. 53; dkt. 54.

## III.
## Discussion

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim

[1] Defendants list as an undisputed fact that Mr. Douglas was not indigent, had over $600 in his trust account, and could have purchased commissary items, which they support with a truncated version of Mr. Douglas's trust account information for January-July 2024 and an affidavit from Brandy Widener, an Indiana Department of Correction trust fund accountant. Dkt. 49 at 3; dkt. 48-3. The Court notes that the more detailed version of Mr. Douglas's trust account information, submitted with his motion to proceed *in forma pauperis*, indicates that Mr. Douglas had a primary account balance of $4.80 and a re-entry savings account balance of $493.68 as of May 29, 2024. Dkt. 2-1. By statute, the funds in a re-entry savings account "may not be withdrawn before the offender's release or discharge from incarceration . . . ." Ind. Code § 11-10-15-3. Therefore, Defendants' representation that Mr. Douglas had several hundred dollars available to him to purchase items from commissary appears misleading. The more detailed trust account statement does show, however, that Mr. Douglas was able to purchase over $20 worth of other commissary items on April 22, 2024. Dkt. 2-1 at 4.

includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020). Neither "negligence [n]or even gross negligence is enough." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Defendants argue in part that they are entitled to qualified immunity. "[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "Once the defense of qualified immunity is raised, a defendant is entitled to dismissal unless a plaintiff comes forward with facts showing a constitutional violation and law showing his right was 'clearly established' at the time of the alleged violation." *Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026) (quoting *Siddique v. Laliberte*, 972 F.3d 898, 902-03 (7th Cir. 2020)).

The "clearly established" standard ensures "that officials can 'reasonably . . . anticipate when their conduct may give rise to liability for damages.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Anderson v. Creighton,* 483 U.S. 635, 646 (1987)). Clearly established law cannot be framed at a "high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'" *Wesby*, 583 U.S. at 64 (quoting *Anderson*, 483 U.S. at 641). Although "a case directly on point" is not required, "precedent must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Put slightly differently, a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). "The Supreme Court's message is unmistakable: Frame the constitutional right in terms granular enough to provide fair notice because qualified immunity 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Campbell v. Kallas*, 936 F.3d 536, 546 (7th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)).

At a general level, depriving an inmate of any hygiene products for an extended period of time can violate the Eighth Amendment. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Here, however, Mr. Douglas has not responded to Defendants' qualified immunity argument, so he has not identified any closely analogous cases that would have put Defendants on notice that his Eighth Amendment rights were being violated under the circumstances present

here. *See Thomas*, 164 F.4th at 1067. Moreover, the uncontested designated evidence is that Mr. Douglas had a sink with running water in his cell, multiple showers a week, "access to a multiple-in-one shower gel that included body wash and shampoo," dkt. 48-2 at 2, and funds available to purchase inexpensive hygiene items such as soap, a toothbrush, and toothpaste until he received his care package. Mr. Douglas has cited no authority showing that it was clearly established that his Eighth Amendment rights were violated in this situation. *See Taylor*, 575 U.S. at 825 (A right is clearly established only if "every reasonable official would have understood that what he is doing violates that right."); *Poole v. Isaacs*, 703 F.3d 1024, 1026-27 (7th Cir. 2012) (explaining it is "well established" that "the Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care"); *Hatcher v. Jones*, 2026 WL 268250, at *3 (7th Cir. Feb. 2, 2026).

Because Defendants invoked qualified immunity, Mr. Douglas bore the burden of refuting it "by pointing to specific cases, not general legal principles." *Villalobos v. Picicco*, 168 F.4th 1057, 1063 (7th Cir. 2026). "Meeting this burden "is a 'do or die' requirement for the plaintiff's suit. If a plaintiff fails to identify analogous precedent clearly establishing the law, the district court must grant summary judgment for the defendant." *Id.*; *accord Thomas v. Carmichael*, 164 F.4th 1058, 1067 (7th Cir. 2026). Because Mr. Douglas has not met his burden, Defendants are entitled to summary judgment based on qualified immunity.

## IV. Conclusion

Defendants' motion for summary judgment is **GRANTED**. Dkt. [47]. Final judgment consistent with this Order shall issue separately.

**SO ORDERED.**

Date: 9/21/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

LANCE A. DOUGLAS
202593
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only